# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE REYES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-1309** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "C" (1)** |

## ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that this Court has subject-matter jurisdiction for the following reasons.

The plaintiff's petition concerns unpaid Katrina-related losses allegedly covered under an insurance policy issued by the defendant. This matter was originally part of a suit removed on the basis of diversity jurisdiction and thereafter transferred, *In re Katrina Canal Breaches Litigation*, 05cv4182. The claims of the plaintiffs were subsequently severed and each plaintiff was ordered to file an amended complaint.[1]

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988

---

[1] Because original jurisdiction was based on removal prior to transfer and severance, the Court considers the amended complaint as remaining before the Court on removal for purposes of this jurisdictional analysis.

1

F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction, the defendant in this case, "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

Plaintiff claims that his residence sustained wind damage of approximately $95,000.[2] (Rec. Doc. 12). Defendant Allstate paid approximately $13,000 in damages, leaving an amount of controversy of $82,000. Plaintiff also received $100,000 under his flood policy, which does not affect the amount in controversy because he estimates rebuilding his house will cost approximately $230,000. In addition, defendant notes that plaintiff is seeking statutory penalties and attorney's fees. (Rec. Doc. 14).

---

[2] The Court disapproves of the lack of evidentiary support provided by the plaintiff. For future filings, counsel is advised to fully comply with this Court's orders.

Accordingly,

The Court is satisfied that the jurisdictional minimum was in controversy on the date of removal.

New Orleans, Louisiana, this 20th day of January, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE